IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE | * | BKRTCY. NO. 13-04219 ESL |
| LUIS ADRIAN ACEVEDO FIGUEROA | * | CHAPTER 13 |
| DEBTOR | * | |

**DEBTOR'S MOTION AND NOTICE OF FILING OF POST-CONFIRMATION MODIFICATION OF CHAPTER 13 PLAN 11 USC §1329**

**TO THE HONORABLE COURT:**

**COMES NOW, LUIS ADRIAN ACEVEDO FIGUEROA**, the Debtor in the above captioned case, through the undersigned attorney, and very respectfully states and prays as follows:

1. The DEBTOR is hereby submitting a post-confirmation modification of Chapter 13 Plan, 11 USC Section 1329, dated May 01, 2018, herewith and attached to this motion.

2. This Plan modification is filed to **add/supplement the following sections/parts of the Plan: 2.1; 8.2; 8.3; 8.4; 8.5**, basically the proposed modified Plan provides for an increase in an additional payment to be made in May/2018 ($28,000) increasing the proposed total Plan base to $95,450.00, in the above captioned case.

**3. Furthermore, the proposed increase in the May/2018 additional lump sum payment for the sum of $28,000 plus the increase in the proposed total Plan base to $95,450.00, is made to compensate the bankruptcy estate for the additional income the Debtor received during the life of the Plan, pursuant to an agreement reached between the Debtor and the Chapter 13 Trustee, in the above captioned case.**

<u>NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 3015(f)</u>

Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or

Page -2-
Post Confirmation Modification 11 USC 1329
Case no. 13-04219 ESL13

other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

I CERTIFY, that on this same date a copy of this Notice was filed with the Clerk of the Court using the CM/ECF system which will send notice of same to the Chapter 13 Trustee, and all CM/ECF participants; I also certify that a copy of this notice was sent via regular mail to the debtor and to all creditors and interested parties appearing in the master address list, hereby attached.

**RESPECTFULLY SUBMITTED**. In San Juan, Puerto Rico, this 01st day of May, 2018.

/s/Roberto Figueroa Carrasquillo
USDC #203614
**RFIGUEROA CARRASQUILLO LAW OFFICE PSC**
ATTORNEY FOR PETITIONER
PO BOX 186 CAGUAS PR 00726
TEL NO 787-744-7699 FAX 787-746-5294
Email: rfigueroa@rfclawpr.com

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| 250.00 | 12 | 3,000.00 | |
| 675.00 | 42 | 28,350.00 | |
| 1,350.00 | 6 | 8,100.00 | Plus $56,000 from additional payments (2.4) |
| Subtotals | 60 | 95,450.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
[ ] Debtor(s) will make payments pursuant to a payroll deduction order.
[X] Debtor(s) will make payments directly to the trustee.
[ ] Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
[ ] None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

[X] Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
**Performance Bonus: $7,000 (May/2014); $7,000 (May/2015); $7,000 (May/2016) $7,000 (May/2017) $28,000 (May/2018)**

## PART 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*
[ ] None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

[X] The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Collateral | Current installment payments (Including escrow) | Amount of Arrearage (If any) | Interest rate on arrearage (If any) | Monthly plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Banco Popular de Puerto Rico** | Residential property located at Hacienda Borinquen, 113 Almendro | 1,590.00<br><br>Disbursed by:<br>[ ] Trustee<br>[X] Debtor(s) | 45,564.28 | 0.00% | _____<br>Months<br>Starting on Plan Month | 45564.28 |

*Insert additional claims as needed.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

Puerto Rico Local Form G (LBF-G) Chapter 13 Plan Page 2

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

**4.3 Attorney's fees**

*Check one.*

[ X ] **Flat Fee**: Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

[ ] **Fee Application**: The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ **339.00** |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ **2,661.00** |
| If this is a post-confirmation amended plan, estimated attorney 's fees: | $ **500.00** |

**4.4 Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

[X] The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in $**9,111.82**

| Name of priority creditor | Estimate amount of claim to be paid |
|---|---|
| **DEPARTAMENTO DE HACIENDA** | **9,111.82** |

*Insert additional lines as needed.*

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**4.6 Post confirmation property insurance coverage**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

[ ] The sum of $ _____.

[ ] _____% of the total amount of these claims, an estimated payment of $ _____.

[X] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

[ ] If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ _____.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

[X] **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1 Property of the estate will vest in the Debtor(s) upon**

*Check the applicable box:*

[X]  Plan confirmation.
[ ]  Entry of discharge.
[ ]  Other: _____

**7.2 Plan distribution by the trustee will be in the following order:**
*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

**8.1     Check "None" or list the nonstandard plan provisions**

[ ] **None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**8.2 This Section modifies LBF-G, Part 3: Retention of Lien:**
The lien holder of any allowed secured claim, provided for by the Plan in its Part 3, will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) & (II).

**8.3 This section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to fund the plan:**

Puerto Rico Local Form G (LBF-G)  Chapter 13 Plan  Page 5

Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor(s) need(s) to use all or portion of such "Tax Refunds", Debtor(s) shall seek Court's authorization prior to any use of funds.

**8.4 This section supplements Part 4.3 : Additional Attorney's Fees:**
The Debtor's attorney is requesting $500.00 payment for the services rendered in connection to the Debtor's post confirmation plan and related procedures for approval, pursuant to R. 2016 (f)(3).

**8.5 This section modifies Part 4.5: DSO post-petition payments:**
The Debtor to continue making direct post-petition current DSO payments to Asume, there are no pre-petition arrears.

*Insert additional lines as needed.*

## PART 9: Signature(s)

/s/ Roberto Figueroa-Carrasquillo                                    Date **May 01, 2018**
Signature of attorney of Debtor(s)


/s/Luis Adrian Acevedo Figueroa                                      Date **May 01, 2018**


_____                              Date
Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

Label Matrix for local noticing
0104-3
Case 13-04219-ESL13
District of Puerto Rico
Old San Juan
Tue May 1 10:57:12 AST 2018

BANCO POPULAR DE PUERTO RICO, SERVICER FOR G
C/O SARLAW LLC
BANCO POPULAR CENTER, SUITE 1022
209 MUNOZ RIVERA AVE
SAN JUAN, PR 00918

DORAL BANK
FIDDLER GONZALEZ & RODRIGUEZ PSC
PO BOX 363507
SAN JUAN, PR 00936-3507

MIDLAND FUNDING LLC BY AMERICAN INFOSOURCE L
ATTN DEPARTMENT 1
PO BOX 4457
HOUSTON, TX 77210-4457

TEXAS GUARANTEED STUDENT LOAN CORPORATION
ATTN: BKY UNIT
PO BOX 83100
ROUND ROCK, TX 78683-3100

US Bankruptcy Court District of P.R.
Jose V Toledo Fed Bldg & US Courthouse
300 Recinto Sur Street, Room 109
San Juan, PR 00901-1964

ADVANTAGE ASSETS II INC
7322 SOUTHWEST FRWY SUITE 1600
HOUSTON TX 77074-2134

BANCO SANTANDER
PO BOX 362589
SAN JUAN, PR 00936-2589

Banco Popular de Puerto Rico-Mortgage
Mortgage Servicing Department (762)
PO Box 362708
San Juan PR 00936-2708

CITIFINANCIAL PLUS
PO BOX 499
HANOVER, MD 21076-0499

CRIM
PO BOX 195387
SAN JUAN, PR 00919-5387

DEPARTAMENTO DE HACIENDA
PO BOX 9024140
SAN JUAN, PR 00902-4140

DORAL BANK
1451 AVE FD ROOSEVELT
SAN JUAN, PR 00920-2717

DORAL BANK
C/O REBECA CAQUIAS, ESQ
PO BOX 363504
SAN JUAN, PR 00936-3504

Department of Treasury-
Bankruptcy Section (Suite 1504)
235 Ave. Arterial Hostos
San Juan Puerto Rico 00918-1527

ECMC
P.O. Box 16408
St. Paul, MN 55116-0408

FIRST BANK
PO BOX 19327
SAN JUAN, PR 00910-1327

GE Capital Retail Bank
c/o of Recovery Management Systems Corp
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

ISLAND FINANCE
PO BOX 195369
SAN JUAN, PR 00919-5369

LTD FINANCIAL SVCS LP
7322 SOUTHWEST FWY STE 1
HOUSTON, TX 77074-2010

MONEY EXPRESS
PO BOX 11867
SAN JUAN, PR 00910-3867

Midland Funding LLC
by American InfoSource LP as agent
ATTN: Department 1
PO Box 4457
Houston, TX 77210-4457

PR ACQUISITIONS LLC
PO BOX 194499
SAN JUAN PR 00919-4499

SCOTIABANK
PO BOX 362649
SAN JUAN, PR 00936-2649

SCOTIABANK DE PUERTO RICO
G.P.O. BOX 362649
SAN JUAN, PUERTO RICO 00936-2649

Texas Guaranteed Student Loan Corp
POB 83100
Round Rock, TX 78683-3100

US DEPT OF ED/GLS/ATL
PO BOX 5609
GREENVILLE, TX 75403-5609

ALEJANDRO OLIVERAS RIVERA
ALEJANDRO OLIVERAS CHAPTER 13 TRUS
PO BOX 9024062
SAN JUAN, PR 00902-4062

LUIS ADRIAN ACEVEDO FIGUEROA
3788 RICHMOND AVE
APT 1371
HOUSTON, TX 77046-3716

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET SUITE 301
SAN JUAN, PR 00901

ROBERTO FIGUEROA CARRASQUILLO
PO BOX 186
CAGUAS, PR 00726-0186

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)BANCO POPULAR DE PUERTO RICO        (u)ASUME-AWILDA SOTO PEREZ  PO BOX 71316 SAN        End of Label Matrix
                                                                                            Mailable recipients    30
                                                                                            Bypassed recipients     2
                                                                                            Total                  32